IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PLUMBERS' PENSION FUND, LOCAL 130, U.A., PLUMBERS' WELFARE FUND, LOCAL 130, U.A., THE TRUST FUND FOR APPRENTICE AND JOURNEYMAN EDUCATION AND TRAINING, LOCAL 130, U.A., PLUMBERS' RETIREMENT SAVINGS PLAN FUND, LOCAL 130, U.A., and CHICAGO JOURNEYMEN PLUMBERS' LOCAL UNION 130, U.A., GROUP LEGAL SERVICES PLAN FUND, <br><br>Plaintiffs,<br><br>v.<br><br>ROBERT EGAN PLUMBING, INC., an Illinois corporation<br><br>Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) Case No.: ) ) ) ) ) ) ) ) ) ) |

## COMPLAINT

Plaintiffs, the PLUMBERS' PENSION FUND, LOCAL 130, U.A., et al., by its attorney, Shane Luedke and the law firm of Gregorio & Associates, complain of the Defendant, ROBERT EGAN PLUMBING, INC. and allege as follows:

1. This action arises under Section 502 of the Employee Retirement Income Security Act and Section 301 of the Taft-Hartley Act. (29 U.S.C. §§1132 and 185) and Section 301 of the National Labor Relations Act, 29 U.S. C. Section 185(a) as amended. Jurisdiction is founded on the existence of questions arising thereunder.

2. The PLUMBERS' PENSION FUND, LOCAL 130, U.A, et. al. (collectively referred to as the "Local 130 Trust Funds") receive contributions from numerous employers

pursuant to Collective Bargaining Agreements (CBAs) between the employers and the CHICAGO JOURNEYMEN PLUMBERS' LOCAL UNION 130, U.A., ("Local Union 130").

3. The Local 130 Trust Funds are multi-employer plans as defined under 29 U.S.C. §1002.

4. The Trust Funds are administered in Chicago, Illinois and venue is proper in the Northern District of Illinois pursuant to 29 U.S.C. Section 1132(e)(2).

5. The Defendant, is an Illinois corporation and is doing business within this Court's jurisdiction.

6. The Defendant is an employer engaged in an industry affecting commerce, which, since on or about April 13, 1993 entered into a Collective Bargaining Agreement whose terms require the Defendant to pay fringe benefits to the Trust Funds. A copy of the Memorandum of Agreement binging the Defendant to the CBAs is attached as **Exhibit 1**.

7. The Agreement and the Collective Bargaining Agreements also bind the Defendant to the provisions of the Agreement and Declarations of Trust which created the Plumbers' Local 130, U.A. Trust Funds ("Trust Agreements").

8. The Defendant is required to make contributions to the Local 130 Trust Funds for each hour worked by its Plumber employees at the rate and in the manner specified in the Collective Bargaining Agreement and Trust Agreement. In addition, the Defendant is required to make contributions to the Local 130 Union measured by the hours worked by Plumber employees and/or Local 130 members at the rate and in the manner specified in the Collective Bargaining Agreement and Trust Agreement for the Local 130 Trust Funds. The Defendant is also liable for subcontracting plumbing to a company, which does not pay the contributions.

9. The CBA and Trust Agreements provide that employers who do not timely pay all contributions are also liable for liquidated damages, interest, audit fees and attorney fees.

10. Under the terms of the collective bargaining agreements and Trust Agreements to which it is bound, the Defendant is required to make contributions to the Funds on behalf of their employees and, when given reasonable notice by Plaintiffs or their representatives, to submit all necessary books and records to Plaintiff's accountant for the purpose of determining whether or not it is in compliance with its obligation to contribute to the Funds. The Defendant is also liable for late charges, interest on tardily submitted reports, and the cost of compliance audits pursuant to CBA, Trust Agreements and 29 U.S.C. §1132(g)(2).

11. Plaintiff performed compliance audits of the Defendant for the periods October 1, 2006 through May 31, 2010 and June 1, 2010 through December 31, 2012.

12. The audit for period October 1, 2006 through May 31, 2010 revealed that the Defendant owes to Plaintiff $53,562.14 in unpaid contributions, $4,284.97 in liquidated damages, $16,078.44 in interest, and $3,723.85, totaling $73,925.55. The Audit report for period October 1, 2006 through May 31, 2010 is attached as **Exhibit 2**.

13. The audit for period June 1, 2010 through December 31, 2012 revealed that the Defendant owes to Plaintiff $5,668.00 in unpaid contributions, $453.44 in liquidated damages, $970.87, and $2,492.40 in interest, totaling $7,092.31. The audit for period June 1, 2010 through December 31, 2012 is attached as **Exhibit 3**.

14. The Defendant, ROBERT EGAN PLUMBING, INC. breached the provisions of the Collective Bargaining Agreement and Trust Agreement by failing to pay all of the

3

contributions it owes for the period October 1, 2006 through December 31, 2012 by failing to resolve the fringe benefit compliance audits despite requests from the Plaintiffs.

15. As a result of said breaches, the Defendant is also liable to the plaintiffs for the following ancillary damages on top of the amount noted above:

   a. Attorneys' fees and costs pursuant to the CBA, Trust Agreements and 29 U.S.C. §1132(g)(2);

   b. Liquidated damages and interest pursuant to the Trust Agreements and 29 U.S.C. §1132(g)(2); or

   c. Double interest pursuant to 29 U.S.C. §1132(g)(2), whichever is greater.

WHEREFORE, Plaintiffs pray:

A. That Judgment be entered in favor of the Plaintiffs and against the Defendant on the amounts found to be due on the audit for the period October 1, 2006 through May 31, 2010 for $73,925.55 and on the audit for June 1, 2010 through December 31, 2012 for $7,092.31 totaling $81,017.86.

B. That the Defendant be ordered to pay the attorney fees and costs incurred by the Plaintiffs in pursuing the amounts owed on the audits.

C. That the Defendant be ordered to pay further liquidated damages and interest or double interest that is determined to be owed.

D. That Plaintiffs have such other and further relief as by the Court may be deemed just and equitable all at the Defendant's cost.


By: __/s/ Shane Luedke_____
SHANE LUEDKE

Shane Luedke
Gregorio & Associates
Attorney for Plaintiffs
2 N. LaSalle St., Suite 1650
Chicago, IL 60602
312/263-2343